UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24205-Civ-COOKE/TORRES

MARKIVA BEAUBRUN, individually
and as Personal Representative of the
Estate of George Spence Clayton, Jr.
deceased and as Assignee of the Estate of
Carlos Bernard Brown, deceased,

 Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,

 Defendant.
_____/

## ORDER ON MOTION TO DISMISS

 This is an action for declaratory relief pursuant to Fla. Stat. § 86.011 *et seq.* in which Plaintiff Markiva Beaubrun seeks enforcement of her purported rights under an insurance contract issued by Defendant Geico General Insurance Company ("Geico"). (ECF No. 1-1). I have jurisdiction under 28 U.S.C. §§ 1332 and 1441.

 In addition to her claim for declaratory relief (Count I), Plaintiff asserts a claim for common-law bad faith (Count II). (*Id.* ¶¶ 18-27). Pending is Geico's Motion to Dismiss that claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 5). For the reasons stated below, I deny the motion.

### BACKGROUND

 On August 8, 2015, Carlos Bernard Brown and George Spence Clayton, Jr. were involved in a motor vehicle accident that resulted in their deaths. (ECF No. 1-1 ¶ 4). At the time of the accident, Brown, the driver, was insured under a GEICO policy of insurance. (*Id.* ¶ 7). The Policy provided bodily injury limits of $10,000/$20,000 per occurrence. (*Id.*). The effective dates of coverage under the policy were from February 10, 2015 through August 10, 2015. (*Id.*).

 As a result of the accident, the Estate of Clayton, Jr. filed a wrongful death action against the Estate of Brown in the of the Eleventh Judicial Circuit Court in and for Miami-Dade County on March 9, 2016. (*Id.* ¶ 8). Geico was timely notified of the pendency of the

1

lawsuit, but did not provide a defense to the Estate of Brown. (*Id.* ¶ 9).

On May 10, 2016, the Estate of Clayton, Jr. and the Estate of Brown entered into a "Stipulation and Agreement for Settlement of Claim and Covenant Not to Sue" and an "Agreement for Assignment of Claims" (the "Agreements").[1] (*Id.* ¶10). Pursuant to the terms of the Agreements, the court entered judgment against the Estate of Brown in the amount of four million dollars. (*Id.* ¶ 11).

On August 24, 2016, Plaintiff, individually and as Personal Representative of the Estate of Clayton, Jr., and as Assignee of the Estate of Brown, filed a two-count complaint for declaratory relief including a claim for bad faith against Geico in the Eleventh Judicial Circuit Court in and for Miami-Dade County. (*Id.*).

On October 3, 2016, Geico filed its Notice of Removal (ECF No. 1), bringing the action before this Court.

## STANDARD OF REVIEW

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of a motion to dismiss is to test the facial sufficiency of a complaint. *See Hermoza v. Aroma Restaurant, LLC*, 2012 WL 273086, at *1 (S.D. Fla.).

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). A court does not have to accept legal conclusions in the complaint as true. *See Ashcroft*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

---

[1] Geico claims the Estates entered into these agreements without its knowledge or consent. (ECF No. 5 ¶ 4).

## DISCUSSION

Geico argues that Plaintiff's common-law bad faith claim warrants dismissal because a policyholder or its third-party assignee may not pursue a bad faith claim against an insurer without first establishing that the policyholder is entitled to both coverage and damages under the policy. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991); *Trafalgar at Greenacres, Ltd. v. Zurich Am. Ins. Co.*, 100 So. 3d 1155, 1157 (Fla. Dist. Ct. App. 2012), ("It is well settled that a statutory first-party bad faith action is premature until two conditions have been satisfied: (1) the insurer raises no defense which would defeat coverage, or any such defense has been adjudicated adversely to the insurer; and, (2) the actual extent of the insured's loss must have been determined.").

Plaintiff does not dispute that *Blanchard* and its progeny require "an insured's underlying first-party action for insurance benefits against the insurer necessarily [to] be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue." *Blanchard*, 575 So. 2d at 1291. Rather, Plaintiff argues that instead of dismissing the claim, I should abate it until determination of her rights under the insurance policy. (ECF No. 9). It is well-settled that I have the "manifest discretion to order either remedy."[2] *Id.*; *compare O'Rourke v. Provident Life & Acc. Ins. Co.*, 48 F. Supp. 2d 1383, 1385 (S.D. Fla. 1999) (abating cause of action for bad faith refusal to settle until the adjudication of breach of contract claims), *with Trianon Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 741 F. Supp. 2d 1327, 1334 (S.D. Fla. 2010) (dismissing as a matter of law as premature a claim for breach of the implied warranty of good faith and fair dealing construed as bad faith action pursuant to Florida Statute § 624.155).

Rooted in notions of judicial economy, the doctrine of abatement offers courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for future review if and when such issues ripen. This preservation of issues serves the dual purpose of empowering courts to heighten adjudicative efficiency and

---

[2] Geico argues that under *Serpenfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009), if a claim is not ripe, I *must* dismiss it without prejudice rather than abate it. I disagree – Florida federal courts abate unripe claims routinely. *See Laxman v. Safeco Ins. Co. of Illinois*, 2015 WL 845582, at *2 (S.D. Fla.) (citing cases). It has long been my practice to use abatement as a mechanism for delaying the adjudication of matters that have not yet become ripe when it increases judicial efficiency. *See, e.g., Anapolsky v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 2013 WL 12094319 (S.D. Fla.); *Formula LLC v. RSUI Indem. Co.*, 2009 WL 2342455 (S.D. Fla.); *O'Rourke v. Provident Life and Acc. Ins. Co.*, 48 F. Supp. 2d 1383 (S.D. Fla. 2009).

avoiding unnecessary repetition in filing or other waste of limited private resources. For obvious reasons, courts continually seek to make use of such opportunities for maximizing efficiency. *See, e.g.*, William C. Baskin III, "Using Rule 9(b) To Reduce Nuisance Securities Litigation," 99 Yale L.J. 1591, 1599–1600 (1990) ("In the short run, the quantity of Federal judicial resources is fixed. In light of this fact, a critical goal of the Federal legal system is to make efficient use of the existing judicial resources by conserving, to the extent possible, the resources expended on any one action.").

At the same time, increased judicial efficiency offers a valuable secondary benefit in the form of greater public confidence in the judiciary. *See, e.g.*, Baskin, *supra*, at 1600 n.56. In furtherance of judicial economy, abatement is thus frequently preferable over dismissal as a means of postponing the adjudication of issues that have not yet become ripe. Accordingly, I find that abatement is an appropriate course of action in this case.

## CONCLUSION

In light of the above, it is **ORDERED and ADJUDGED** that Geico's Motion to dismiss Count II of the Complaint (ECF No. 5) be, and the same hereby is, **DENIED**. Count II of the Complaint is abated pending adjudication of Count I of the Complaint.

**DONE and ORDERED** in chambers at Miami, Florida, this 17th day of November 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*