UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24205-Civ-COOKE/TORRES

MARKIVIA BEAUBRUN, individual and
as Personal Representative of the Estate of
GEORGE SPENCE CLAYTON, Jr. deceased
and as Assignee of the Estate of CARLOS
BERNARD BROWN, deceased,

      Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

      Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS**

This matter is before the Court on Geico General Insurance Company's ("Defendant") Motion for Sanctions ("Motion") [D.E. 41] against Markivia Beaubrun ("Plaintiff"). Plaintiff responded to Defendant's Motion on July 7, 2017 [D.E. 65] to which Defendant replied on July 14, 2017. [D.E. 69]. Therefore, Defendant's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, and relevant authority, and for the reasons discussed below, Defendant's Motion is **GRANTED**.[1]

---

[1] This Order does not preclude Plaintiff from any attempts to introduce the family photographs solely for demonstrative purposes.

1

## I.     BACKGROUND

This action arises out of an August 8, 2015 automobile accident involving the Defendant's insured, Carlos Bernard Brown, and his passenger, George Spence Clayton, which resulted in their deaths. [D.E. 1-1]. At the time of the accident, Brown, the driver, was insured under a GEICO policy of insurance. *See id.* ¶ 7. The Policy provided bodily injury limits of $10,000/$20,000 per occurrence. *See id.* The effective dates of coverage under the policy were from February 10, 2015 through August 10, 2015. *See id.* As a result of the accident, the Estate of Clayton filed a wrongful death action against the Estate of Brown in the Eleventh Judicial Circuit Court in and for Miami-Dade County on March 9, 2016. *See id.* ¶ 8. Defendant was timely notified of the pendency of the lawsuit, but did not provide a defense to the Estate of Brown. *See id.* ¶ 9.

On May 10, 2016, the Estate of Clayton and the Estate of Brown (collectively, the "Estates") entered into a "Stipulation and Agreement for Settlement of Claim and Covenant Not to Sue" and an "Agreement for Assignment of Claims" (the "Agreements").[2] *See id.* ¶ 10. Pursuant to the terms of the Agreements, the court entered judgment against the Estate of Brown in the amount of four million dollars. *See id.* ¶ 11.

On August 16, 2016, Plaintiff filed suit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 2016-021339. In that

---

[2]    Defendant claims the Estates entered into these agreements without its knowledge or consent. [D.E. 5 ¶ 4].

complaint, Plaintiff requests declaratory relief pursuant to Fla. Stat. § 86.011, set forth allegations of bad faith against Defendant, and seeks recovery of the full loss of the damage to the vehicle, pre-judgment interest, and attorney's fees. Defendant removed the case to this Court on October 3, 2016 on the basis of diversity jurisdiction.[3]

On November 17, 2016, the Court denied Defendant's Motion to dismiss Count II (the bad faith claim) of Plaintiff's complaint. Rather than dismiss Plaintiff's claim, the Court abated it until the Court could properly determine Plaintiff's rights under the applicable insurance policy.

## II. ANALYSIS

Defendant's Motion seeks sanctions against Plaintiff on the basis that Plaintiff failed to disclose certain items as required under Federal Rule of Civil Procedure 26. On December 12, 2016, Plaintiff served Defendant with her initial disclosures. Five months later on May 17, 2017, Plaintiff served Defendant with supplemental disclosures. Plaintiff's supplemental disclosure stated that Plaintiff intends to rely on "family pictures including the decedent George Spence Clayton, Jf." [D.E. 41-1].

Defendant argues that even if the supplemental disclosures are material to this action, Plaintiff's disclosure is improper, untimely, and fails to adhere to Rule 26. Defendant is therefore allegedly entitled to sanctions pursuant to Rule 37 because Plaintiff cannot substantially justify the delay in disclosing these

---

[3] There is complete diversity of citizenship between the parties, as Plaintiff is a citizen of Florida, while Defendant is a citizen of the Maryland.

documents. In sum, Defendant requests that the Court award sanctions and prohibit Plaintiff from the use of any "family pictures" in any motion, hearing or trial, or allow for reasonable expenses that will be incurred from conducting discovery on the untimely disclosures.

Plaintiff was required to make mandatory initial disclosures within fourteen days of the Rule 26(f) conference that was held on December 22, 2016 – i.e. January 5, 2017. Yet, Plaintiff's supplemental disclosures did not occur until five months later and purportedly violates Rule 26 which requires that a party that has made a disclosure to supplement or correct a response in a timely manner. *See* FED. R. CIV. P. 26(e) ("A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission-- must supplement or correct its disclosure or response"). Because Plaintiff allegedly violated Rule 37 and failed to produce family photos in a timely manner, Defendant believes that Plaintiff should not be allowed to use the untimely information on a motion, at a hearing, or at a trial.

Furthermore, Defendant suggests that Plaintiff's supplemental disclosures are not only improper and untimely, but also prejudicial. Defendant alleges that there is substantial prejudice because Defendant has already taken the deposition of Plaintiff and two attorneys who were involved in entering the Agreements that Plaintiff seeks to enforce against Defendant. As such, Defendant believes that Plaintiff's failure to disclose prevented Defendant from inquiring about the details of the family photos and hindered the preparation of a proper defense. To the

4

extent Plaintiff intends to use the photos to support her claim, Defendant argues that it would require an extraordinary burden of retaking many, if not all, of the depositions in this case.

Plaintiff's response – consisting of only three pages of substantive content – argues that Plaintiff's counsel did not acquire the photographs produced in the supplemental disclosure until *after* Plaintiff's deposition in May of this year. On this basis, Plaintiff believes that there is no need to depose anyone in this action. Nonetheless, to remedy any alleged harm, Plaintiff suggests that she has no objection in resubmitting to a deposition, limited to an inquiry solely about the photographs in the supplemental disclosure.

Federal Rule of Civil Procedure 26(a)(1)(A) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26. The disclosing party is under a continuing obligation to "supplement or correct its disclosure or response . . . in a timely manner" if additional persons become known and that "information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

As a consequence for violating Rule 26, Rule 37 allows the Court to exclude a witness or documents as a sanction unless the failure was either substantially justified or harmless. "Substantial justification means 'justification to a degree that

could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *Kunstler v. City of N.Y.*, 242 F.R.D. 261, 264–65 (S.D.N.Y. 2007) (quoting *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002)). "The test of substantial justification is satisfied 'if there exists a genuine dispute concerning compliance.'" *Am. Stock Exch., LLC*, 215 F.R.D. at 93 (quoting *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 680 (D.Kan.1995)).

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.,* 233 F.R.D. 687, 697 (N.D. Ga. 2006)). "In addition to or instead of [exclusion], the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure [to disclose]; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions." FED. R. CIV. P. 37(C). Rule 37 also makes clear that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless ." *Id.*; *see also Cooper v. Southern Co.,* 390 F.3d 695, 728 (11th Cir. 2004) (opining that it is "within the sound discretion of the trial judge to sanction plaintiffs for their failure to disclose by enforcing the unambiguous terms of Rule 37(c)").

After full consideration of the arguments presented, we find that Plaintiff's response fails to provide any substantial justification for the delay in disclosing her

intention to rely on family pictures that were produced five months after the deadline for initial disclosures. Plaintiff's response appears to be predicated on her own delayed production of family photos to her lawyer. Specifically, Plaintiff explained that the photos were not in Plaintiff's counsel's possession until "shortly after the deposition of Markevia Beaubrun." [D.E. 65]. Plaintiff noticeably did not clarify that she, rather than her counsel, may have been in possession of the family photos since the beginning of this action. And if Plaintiff was always in possession of these photos, Plaintiff presents no argument as to why Rule 26(a) – which makes no distinction between the disclosure of an item in a plaintiff's possession versus a plaintiff's lawyer's possession – was not violated.

      Plaintiff's response also fails for an entirely separate reason because it does not adequately address how the production of late materials is not harmless, especially when the untimely disclosure has deprived Defendant of an opportunity to depose and take testimony from any person that might have information about these photos. While Plaintiff agreed to another deposition limited to an inquiry solely about the photographs, Plaintiff's offer would further delay the resolution of this case, particularly because the fact discovery deadline was already extended once and concluded on June 23, 2017. The deadline for all dispositive motions also expired on June 30, 2017, which means that Defendant would be precluded from eliciting additional testimony without further extending the Court's pre-trial deadlines.

Plaintiff's position fundamentally undermines the Court's Scheduling Order which can only be modified for good cause "and with the judge's consent." FED. R. CIV. P. 16(b)(4). If the Court allowed the family photos to be used for a substantive purpose at trial, it would be prejudicial to Defendants and run afoul of the Scheduling Order without any persuasive justification presented – let alone any good cause. Plaintiff's response, as a whole, falls flat because it lacks the requisite factual and legal support to demonstrate that the failure to disclose family photographs was substantially justified or harmless. As such, Defendant's Motion is **GRANTED** because "[t]o find otherwise would encourage litigants to routinely disregard discovery deadlines, and instead seek documents . . . outside of the discovery period by merely asserting that the documents are necessary for trial preparation." *Abrams v. Ciba Specialty Chemicals Corp.*, 265 F.R.D. 585, 589 (S.D. Ala. 2010).

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Sanctions [D.E. 41] is **GRANTED**.[4]

---

[4] To the extent Plaintiff intends to use the family photographs that were untimely disclosed solely for the purpose of impeachment, "Rule 26(a)(3) exempts evidence used *solely* for impeachment because pretrial disclosure would significantly diminish its impeachment value." *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (emphasis added) (citing *Denty v. CSX Transp., Inc.*, 168 F.R.D. 549, 549 (E.D.N.C. 1996)); *see also Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) ("[O]nly evidence used solely for impeachment is exempt from the Federal Rules' disclosure requirement") (citation omitted). However, at this stage it cannot be known whether the family photos are admissible impeachment. That determination, if it arises, is deferred until trial when a predicate for such a request may be viable.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of July, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge