UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24205-Civ-COOKE/TORRES

MARKIVIA BEAUBRUN, individual and
as Personal Representative of the Estate of
GEORGE SPENCE CLAYTON, Jr. deceased
and as Assignee of the Estate of CARLOS
BERNARD BROWN, deceased,

        Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

This matter is before the Court on Geico General Insurance Company's ("Defendant") Motion to Compel ("Motion") [D.E. 49] against Markivia Beaubrun ("Plaintiff") ("Defendant") a proper privilege log and documents responsive to Defendant's subpoena to non-party Charles Blake Dye, Esq. ("Attorney Dye"). Plaintiff responded to Defendant's Motion on July 11, 2017 [D.E. 68] to which Defendant replied on July 18, 2017. [D.E. 78]. Therefore, Defendant's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply and relevant authority, and for the reasons discussed below, Defendant's Motion is **GRANTED**.

1

## I. BACKGROUND

This action arises out of an August 8, 2015 automobile accident involving the Defendant's insured, Carlos Bernard Brown ("Brown"), and his passenger, George Spence Clayton, which resulted in their deaths. [D.E. 1-1]. At the time of the accident, Brown, the driver, was insured under a GEICO policy of insurance. *See id.* ¶ 7. The Policy provided bodily injury limits of $10,000/$20,000 per occurrence. *See id.* The effective dates of coverage under the policy were from February 10, 2015 through August 10, 2015. *See id.* As a result of the accident, the Clayton Estate filed a wrongful death action against the Brown Estate in the Eleventh Judicial Circuit Court in and for Miami-Dade County on March 9, 2016. *See id.* ¶ 8. Defendant was timely notified of the pendency of the lawsuit, but did not provide a defense to the Brown Estate. *See id.* ¶ 9.

On May 10, 2016, the Clayton Estate and the Brown Estate (collectively, the "Estates") entered into a "Stipulation and Agreement for Settlement of Claim and Covenant Not to Sue" and an "Agreement for Assignment of Claims" (the "Agreements").[1] *See id.* ¶ 10. Pursuant to the terms of the Agreements, the court entered judgment against the Brown Estate in the amount of four million dollars. *See id.* ¶ 11.

On August 16, 2016, Plaintiff filed suit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 2016-021339. In that

---

[1] Defendant claims the Estates entered into these agreements without its knowledge or consent. [D.E. 5 ¶ 4].

complaint, Plaintiff requests declaratory relief pursuant to Fla. Stat. § 86.011, set forth allegations of bad faith against Defendant, and seeks recovery of the full loss of the damage to the vehicle, pre-judgment interest, and attorney's fees. Defendant removed the case to this Court on October 3, 2016 on the basis of diversity jurisdiction.[2] On November 17, 2016, the Court denied Defendant's motion to dismiss Count II (the bad faith claim) of Plaintiff's complaint. Rather than dismiss Plaintiff's claim, the Court abated it until the Court could properly determine Plaintiff's rights under the applicable insurance policy.

On April 28, 2017, Defendant issued a subpoena for the production of documents to non-party Attorney Dye. Attorney Dye was the probate attorney for Plaintiff. Defendant requested various documents and correspondences in Attorney Dye's litigation file related to Plaintiff's claim. On May 18, 2017, Plaintiff served Defendant with documents from Attorney Dye's file and noted that a proper privilege log would follow. On May 30, 2017, Defendant contacted Plaintiff to inquire about the status of the privilege log. Plaintiff served a supplemental response to Defendant's subpoena on June 2, 2017 and identified several documents that were withheld under the attorney-client privilege. Because this supplemental response was perceived as an inadequate privilege log, Defendant emailed Plaintiff's counsel on June 9, 2017 to question whether Plaintiff would be producing a proper privilege log that comports with the Local and Federal Rules.

---

[2] There is complete diversity of citizenship between the parties, as Plaintiff is a citizen of Florida, and Defendant is a citizen of Maryland.

Thereafter, on June 12, 2017, Plaintiff served an amended supplemental response to Defendant's subpoena to Attorney Dye, which Defendant found to be inadequate again and not compliant with the Local and Federal Rules on what is required for a privilege log. While Plaintiff's response was still inadequate, Plaintiff provided more specifics about the sender and recipients of the privileged communications. Correspondences related to the privilege log indicated that communications between Attorney Dye and the beneficiaries to the Clayton Estate were withheld on the basis of the attorney-client privilege.[3] In light of the June 23, 2017 discovery deadline, Defendant proceeded with taking Attorney Dye's deposition on June 13, 2017 without having the benefit of a proper privilege log.

The next day, Defendant requested the production of certain documents that were withheld on the basis of the attorney-client privilege, but Plaintiff disagreed with Defendant's position on this request. Defendant also requested better descriptions of certain documents on Plaintiff's privilege log, but as of the date Defendant filed its Motion Plaintiff has allegedly failed to confirm if or when a revised privilege log would be provided. As such, Defendant filed its Motion to compel Plaintiff to produce the communications in question between Attorney Dye and the beneficiaries to the Clayton Estate and a proper privilege log.[4]

---

[3] The beneficiaries to the Clayton Estate include Mavine Brunson, Shakevia Walker, and Charkivia Lovett.

[4] The documents Defendant seeks to compel include "letters," "emails," and "handwritten notes" involving Attorney Dye or his firm, and the beneficiaries of the Clayton Estate.

## II. ANALYSIS

Defendant's Motion seeks to compel Plaintiff to produce several communications in question between Attorney Dye and the beneficiaries to the Clayton Estate and a proper privilege log. Defendant argues that, pursuant to Florida law, the communications between Attorney Dye and the beneficiaries are not privileged. Specifically, Defendant relies on a statute that the Florida legislature passed in 2011:

> (1) For the purpose of this section, a client acts as a fiduciary when serving as a personal representative or a trustee as defined in ss. 731.201 and 736.0103, an administrator ad litem as described in s. 733.308, a curator as described in s. 733.501, a guardian or guardian ad litem as defined in s. 744.102, a conservator as defined in s. 710.102, or an attorney in fact as described in chapter 709.
>
> (2) A communication *between a lawyer and a client acting as a fiduciary is privileged* and protected from disclosure under s. 90.502 to the same extent as if the client were not acting as a fiduciary. In applying s. 90.502 to a communication under this section, only the person or entity acting as a fiduciary is considered a client of the lawyer.

Fla. Stat. § 90.5021(2) (emphasis added). Based on the plain language of the statute, Defendant believes that it forecloses *any* argument that Plaintiff has in refusing to produce the documents in question and that Plaintiff must produce a proper privilege log.

As additional support, Defendant relies on a recent decision from Judge Matthewman in *Bivins v. Rogers*, 207 F. Supp. 3d 1321, 1322 (S.D. Fla. 2016), where the question presented was who, under Florida law, holds the attorney-client privilege when a guardian of a ward hires an attorney to assist the guardian. The

question essentially boiled down to, after the death of the ward, whether the attorney-client privilege existed between a guardian and the guardian's attorney or between the personal representative of the deceased ward's estate and the guardian's attorney. Judge Matthewman held that pursuant to section 90.5021, the attorney-client privilege only extends between the guardian of the ward and the guardian's attorneys, rather than the personal representative.

In reaching its holding, the court relied on an unpublished decision in *Bain v. McIntosh,* 597 F. App'x. 623 (11th Cir. 2015), where the Eleventh Circuit explained that the Florida legislature has narrowed the scope of the attorney-client privilege with respect to third parties:

> The Florida Legislature has indicated an unwillingness to expand a lawyer's fiduciary duties to a person other than the trustee. Pursuant to Florida Statutes § 90.5021(2) (2011), 'only the person or entity acting as a [trustee] is considered a client of the lawyer.' Furthermore, the Rules Regulating the Florida Bar, which are promulgated by Florida Supreme Court, narrowly limit a lawyer's duties to third parties when serving as the personal representative of an estate. R. Regulating Fla. Bar 4–1.7 cmt. (2014) ("In Florida, the personal representative is the client rather than the estate or the beneficiaries."); *see also* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 94–380 (1994) ('The majority of jurisdictions consider that a lawyer who represents a fiduciary does not also represent the beneficiaries, and we understand the Model Rules to reflect this majority view.") (citation omitted).

*Bain,* 597 F. App'x. at 623–24. Because both decisions purportedly stand for the proposition that the personal representative of an estate is the client rather than the beneficiaries, Defendant argues that the only attorney-client privilege that exists is the one between Plaintiff – who is the personal representative of the estate – and Attorney Dye. As such, Defendant believes that the documents Plaintiff

6

refuses to produce between the beneficiaries and Attorney Dye are not protected by any privilege and must be produced accordingly.[5]

Plaintiff's response is that, contrary to Defendant's contentions, the beneficiaries of the Clayton Estate have a valid attorney-client privilege with respect to the communications with Attorney Dye. Specifically, Plaintiff argues that the beneficiaries meet the test for an attorney-client relationship under Fla. Stat. § 90.502(a) that provides that a "client is any person . . . who consults a lawyer with the purpose of obtaining legal services or who is rendered legal services by a lawyer." As such, Plaintiff suggests that Defendant's reliance on § 90.5021 is misplaced because it ignores the clear language of § 90.502(a).

Plaintiff also argues that the cases that Defendant relies upon are inapposite because they all involve attempts to obtain communications between a fiduciary, such as a guardian of a ward, and the attorney for the guardian, and do not address attempts by third parties to obtain communications. Plaintiff suggests that section 90.5021 was merely meant to codify Florida's common law that a fiduciary duty exists between a fiduciary and the lawyer for the fiduciary and to address the privileged status of communications between those individuals only. In other words, section 90.5021 allegedly does not undermine or address whether the attorney-client privilege attaches to communications such as those presented here.

---

[5] Defendant also notes that Attorney Dye indicated during his deposition testimony that only the Plaintiff was his client – not the beneficiaries. [D.E. 78-1 at 20].

Yet, Plaintiff's response lacks merit. In *Bain*, the Eleventh Circuit made clear that Florida law limits a lawyer's duties solely to his or her client rather than to an estate or its beneficiaries. The Eleventh Circuit relied principally on the Rules Regulating the Florida Bar in reaching its decision, which are promulgated by the Florida Supreme Court. *See, e.g.*, R. Regulating Fla. Bar 4–1.7 cmt. (2014) ("In Florida, the personal representative is the client rather than the estate or the beneficiaries."); *see also* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 94–380 (1994) ("The majority of jurisdictions consider that a lawyer who represents a fiduciary does not also represent the beneficiaries, and we understand the Model Rules to reflect this majority view." (citation omitted)). Plaintiff offers no persuasive reason – let alone any authority – on why the Eleventh Circuit's decision and the authorities it relied upon do not control the question presented.

The plain language of § 90.5021(2) further supports the same conclusion. As stated earlier, the statute provides that "[a] communication between a lawyer and a client acting as a fiduciary is privileged and protected from disclosure under s. 90.502 to the same extent as if the client were not acting as a fiduciary" and "[i]n applying s. 90.502 to a communication under this section, only the person or entity acting as a fiduciary is considered a client of the lawyer." § 90.5021(2). Thus, there is no question that Plaintiff – acting as a fiduciary on behalf of the beneficiaries – had communications with Attorney Dye that can be protected by the attorney-client privilege. Yet, § 90.5021 noticeably never includes any protections for the communications between beneficiaries and the lawyer of the fiduciary. And

8

Plaintiff does not point to any authority that suggests otherwise. In sum, we agree with Judge Matthewman, the Rules Regulating the Florida Bar, and most importantly the Eleventh Circuit that a lawyer's attorney-client relationship extends only to a personal representative and not to an estate or its beneficiaries. As such, we hold that the documents involving Attorney Dye or his firm and the beneficiaries are not protected by the attorney-client privilege and that Defendant's Motion, on this basis, is **GRANTED**.

As for Defendant's Motion to compel the production of a proper privilege log, Defendant contends that Plaintiff has continued to violate both the Federal and Local Rules. Specifically, Defendant takes issue with the fact that Plaintiff has failed to include proper descriptions of the documents withheld. Plaintiff has allegedly identified only three categories of documents withheld: (1) letters, (2) emails, and (3) handwritten notes. And all of the withheld documents purportedly have one of the following inadequate descriptions: "enclosing probate documents," discussing probate issues," "forwarding email from CL,", and "updating contact information." [D.E. 49-6]. Because Plaintiff's privilege log fails to properly identify the title and description of the documents withheld, the subject matter addressed in the document, and the purposes for which the documents were prepared or communicated, Defendant argues that Plaintiff must be compelled to promptly produce a proper privilege log that complies with the Federal and Local Rules.

In response, Plaintiff does not substantively address Defendant's contention that the privilege logs produced thus far have been inadequate. Plaintiff only

9

mentions in a footnote that a proper privilege log will be produced within 10 days from the date of Plaintiff's response that was filed on July 11, 2017. Defendant argues in reply that Plaintiff has continually failed to produce a proper privilege log and suggests that Plaintiff has not timely provided supplemental responses in the past. Because Plaintiff may likely continue to frustrate the Local and Federal Rules, Defendant believes that the Court should rule upon Defendant's Motion to the extent that Plaintiff has failed to comply with the production of a proper privilege log.

We agree with Defendant that the privilege logs that Plaintiff has produced thus far have been inadequate in connection with the Local and Federal Rules. Specifically, Local Rule 26.1(g)(3)(c) requires that a party who withholds documents on the basis of privilege to identify "'each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed.'" *Anderson v. Branch Banking & Tr. Co.*, 2015 WL 2339470, at *2 (S.D. Fla. May 14, 2015) (quoting *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, 2014 WL 4545918, at *5 (S.D. Fla. Sept. 12, 2014)).

As a whole, a proper privilege log should contain the following information for each withheld document: "(1) the name and job title or capacity of the author of the document; (2) the name and job title or capacity of each recipient of the document; (3) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than the author(s); (4) the title and description

of the document; (5) the subject matter addressed in the document; (6) the purpose(s) for which it was prepared or communicated; and (7) the specific basis for the claim that it is privileged." *Anderson*, 2015 WL 2339470, at *2 (citing *NIACCF, Inc.*, 2014 WL 4545918, at *5). Therefore, to the extent Plaintiff has not complied with the aforementioned requirements and produced a proper privilege log, Defendant's Motion is also **GRANTED** in this respect.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Compel [D.E. 49] is **GRANTED**. Attorney Dye is compelled to produce the documents in question between him or his firm and the beneficiaries of the estate within fourteen (14) days from the date of this Order. And Plaintiff is also compelled to produce a proper privilege log – to the extent Plaintiff has not already done so – within fourteen (14) days from the date of this Order that complies with the Local and Federal Rules.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of August, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge